### CLEVELAND LEE V. THE STATE.

No. 10879.      Delivered May 4, 1927.

**Passing Forged Instrument—Evidence—Held Sufficient.**

Where, on a trial for passing a forged instrument, which was an order on one Mr. Fischer for five dollars, payable to appellant, the delivery of the forged order, its acceptance and the payment of the five dollars by check completed the offense. The fact that after discovery of the forgery, appellant returned the check by placing it in Fischer's hat, did not exculpate him.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for passing a forged instrument, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

. MORROW, PRESIDING JUDGE.—The offense is passing a forged

instrument, punishment fixed at confinement in the penitentiary for a period of two years.

In the indictment the alleged forged instrument is set out as follows:

"Oct. 1, 1926.

"Mr. Fischer:

"Let Cleveland Lee have $5.00.

"MARTIN HOFFMAN."

The witness Fischer testified that the instrument mentioned was presented to him; that upon the faith of it he gave the appellant a check for five dollars. The alleged forged instrument was introduced in evidence.

Martin Hoffmann testified that he did not sign the instrument, nor did he authorize the signature of the instrument.

By exception to the charge of the court and by special charges requested, the appellant advanced the proposition that the evidence reflected but an attempt at passing, and that in submitting the issue of passing a forged instrument the trial court was in error. From the evidence and the qualification of the bill, it appears that the appellant wrote and delivered to Fischer the order set out in the indictment; that Fischer gave the appellant his check for five dollars, the amount called for by the order; that Fischer afterward became suspicion and went to a store and telephoned to the maker of the instrument touching its genuineness; that while at the store the appellant came in and heard the telephone conversation and then left under Fischer's hat the check which he had received. This transaction would not exculpate him. The criminal act, that is, the passing of the forged instrument, had transpired.

There was no error in refusing to give an instructed verdict for the defendant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*